### GUTH v. MEHLING.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. LIQUOR TAX CERTIFICATE—LEASE OF SALOON—CONSENT TO USE OF PREMISES
   —LESSOR'S DUTY TO SIGN.
   Under a lease providing that the store is to be occupied as a saloon, and allowing the lessee certain fixtures therein, including "one four-tap beer outfit, and apparatus appertaining to same complete," the landlord is not under obligation to sign the consent required by the liquor tax

law (Laws 1896, p. 45, c. 112, amended by Laws 1897, p. 207, c. 312) from the owner of the premises to be occupied, upon an application for a liquor tax certificate, where the application to which such consent is attached is in behalf of the lessee's husband, and not of the lessee.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Adam Guth against Waburga Mehling. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Frank Mann, for appellant.
J. J. Bohmbach, for respondent.

WILLARD BARTLETT, J. This is an action to recover rent under a written lease whereby the plaintiff demised certain premises to the defendant for use as a liquor saloon. The phraseology of the lease is: "This store to be occupied as a saloon." The instrument also allows the defendant the use of certain fixtures specified therein, including two bars and "one four-tap beer outfit, and apparatus pertaining to same complete." These provisions fairly import that it was the intent of the lessor that the lessee should employ the premises as a place in which to carry on the liquor traffic. The defense upon the trial was that the plaintiff had refused to sign the consent which the liquor tax law requires from the owner of the premises upon an application for a liquor tax certificate under that statute. This refusal, it was contended, was a breach of the lease on the part of the lessor, and relieved the lessee of all obligation thereunder.

Assuming that the lease imposed upon the plaintiff an obligation to sign the consent prescribed by the liquor tax law, we think the only consent which the lessee was entitled to demand under the instrument was a consent that the liquor traffic should be carried on there by the defendant, and not by any other person. The application, however, to which the plaintiff declined to give his consent, was an application, not in behalf of the defendant, but in behalf of her husband. The lease did not require that the plaintiff should attach his consent to this application. The plaintiff might well have been willing to have his premises employed for carrying on the liquor traffic by the defendant, and yet have been unwilling that they should be used in the same manner by her husband. The record does not show that he refused to give the wife the statutory consent prescribed by the liquor tax law, Laws 1896, p. 45, c. 112, amended by Laws 1897, p. 207, c. 312, and therefore her defense was not established, and the court properly awarded judgment to the plaintiff for the amount of rent due.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.